■ EDWARD M. LEMAR, Respondent, v. TENBER ASSOCIATES, Appellant, and CUSHMAN & WAKEFIELD, INC., et Ano., Defendants.— Order, Supreme Court, New York County, entered October 24, 1972, denying defendant's motion for summary judgment, unanimously reversed, on the law, the motion granted and the complaint dismissed. Appellant shall recover of respondent $60 costs and disbursements of this appeal. Edward M. Lemar (Lemar), a real estate broker sued the defendant Tenber Associates (Tenber) for a brokerage fee allegedly earned. Cushman & Wakefield (C&W) were the agents of Tenber for the leasing of premises. C&W mailed a "rental schedule" for midtown buildings which

included information concerning available square footage and rental rates. It contained no specific information with regard to such crucial items as length of the lease term proposed, tax escalation clauses or office installations which would be provided by the landlord. Lemar sent an "acceptance" of C&W's "offer" on behalf of one of his clients. The acceptance can at best be termed a counteroffer which was in fact never accepted by Tenber or C&W. Lemar contends that the terms not mentioned which were essential to any meeting of the minds were in fact implicitly understood by the parties through accepted custom and usage in the trade. Each of the terms which was supposedly implicitly understood was capable of being included in leases in a variety of forms. For example, Lemar conceded that his implicitly understood "standard 10 year term lease" could vary from lease to lease up to a term of 21 years. The agreement on price alone is insufficient to constitute a meeting of the minds between the vendor and vendee which would entitle the real estate broker to a commission (*Kaelin* v. *Warner*, 27 N Y 2d 352). Since there are no material triable issues of fact outstanding, defendant is entitled to summary judgment. Concur — Markewich, J. P., Nunez, Lane and Tilzer, JJ.